## EVANS v. BERNARD.

### No. 1964.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Rownd & Tycer, of Hammond, for appellant.

Ellis & Bostick, of Amite, and J. H. Inman, of Ponchatoula, for appellee.

DORE, Judge.

Plaintiff instituted this suit seeking to recover of the defendant the sum of $300 with eight per cent per annum interest thereon from October 31, 1936, until paid, and ten per cent additional on both principal and interest unpaid as attorney's fees, represented by a note made and executed by the defendant for the purchase price of a caterpillar tractor. In bar thereof, the defendant claims that the said tractor was returned to the plaintiff in satisfaction and settlement of the note, and, as plaintiff in reconvention, claims that he made certain repairs and additions to the tractor, as a result of which the tractor was fully worth the sum of $200 more at the time of its return than at the time of its purchase. He further claims that the plaintiff owed him the sum of $150 as a balance due for hauling timber, and the further sum of $23.50 paid by him in estimating the timber, making a total claim in reconvention of $373.50.

There was judgment in favor of plaintiff and against the defendant for the amount sued for, and rejecting the demand of defendant as plaintiff in reconvention. Defendant has appealed.

This case involves purely a question of facts for the determination of which we have only the testimony of the parties litigant and the circumstances relative thereto. The defense is in the nature of a confession and avoidance and presents the point as to whether or not the defendant has proven that he delivered the tractor in full satisfaction of his debt.

The plaintiff testified that he requested the defendant to store the tractor in the garage of W. O. Kolwalsky at Pontchatoula until he, the defendant, could pay for it, since he had used the tractor for several months and had paid nothing thereon; that the defendant agreed to this and did store the tractor; that he, the plaintiff, had not used it or ever accepted it in satisfaction of the note. Plaintiff testified further that he did not owe defendant anything for the hauling of any timber or its estimation.

The defendant testified that the plaintiff saw him shortly before the completion of a timber hauling job at which time plaintiff requested him to store the tractor at Mr. Kolwalsky's place as soon as the job was completed, stating: " * * * I will have to take the tractor"; that he, the defendant, delivered the tractor to Mr. Kolwalsky's place as requested; that there was no particular agreement between them that the tractor was to be stored. In connection with his claim for repairs to the tractor, the defendant admitted that the note which he gave as the purchase price for the tractor contained the specific provision that he was to take due care of the tractor and keep the same in good repair at his expense. He also admitted that the note was still outstanding, due and unpaid.

█ The circumstance which strikes us as outstanding is the fact that at the time of the delivery of the tractor to Kolwalsky the defendant did not then and there request the return of his note representing the unpaid purchase price. This unexplained fact corroborates plaintiff's testimony to the effect that he never received the tractor in payment and satisfaction of the note, but that it was stored with Kolwalsky for the purpose of preserving it pending the payment of the purchase price by the defendant. While we are not favored with a statement of the reasons of the judgment of the trial judge, we feel that he must have been influenced by this fact, and that he was correct in hold-

ing that the defendant failed to prove that he had surrendered the tractor to plaintiff in payment of the note.

█ The defendant does not complain in his brief in this court of the dismissal of his reconventional demand by the lower court. Nevertheless, we have considered that phase of the case. With reference to that part of the reconventional demand for repairs to the tractor, we find that the record contains defendant's admission that under the terms of purchase it was agreed that he was to keep the tractor in good repairs. The repairs which he made were obviously in compliance with such agreement. As to that part of the reconventional demand for the hauling of timber and the estimation thereof, the record presents no testimony or circumstance in support of defendant's claim, and contains plaintiff's denial of any liability therefor. We cannot, therefore, see wherein the trial judge erred in holding that the defendant had failed to prove his reconventional demand.

The defendant has filed in this court a motion to have the court consider certain documents signed by plaintiff and Kolwalsky relative to a sale of the tractor by plaintiff since the judgment was rendered; and, in the alternative, in the event this court cannot consider these documents, that it remand the case for the purpose of admitting these documents in evidence.

From the motion, it appears that the first of these documents reads as follows:

"Amite, Louisiana, October 14, 1938. —Mr. W. O. Kowalsky, Ponchatoula, Louisiana.—Upon payment to you of fifty ($50.00) dollars cash for account of A. J. Evans, you are authorized and directed to deliver to *Dewey J. Bernard* (our italics), or order, the 30 Caterpillar tractor now stored with you for account of *Bernard* (our italics) and Evans. This order is good for ten days. Signed: A. J. Evans."

█ It is clear from the order quoted that the plaintiff does not claim to be the owner of the tractor, but, on the contrary, the order is in full harmony with plaintiff's testimony to the effect that the tractor was stored with Kolwalsky by agreement between him and defendant pending the payment of the purchase price. The order clearly states that the tractor was stored for the account of both plaintiff and defendant, and that the plaintiff consented for it to be delivered to defendant, or his

order, upon the payment of $50 to be applied to the account due him.

The other document referred to in the motion is the receipt· signed by Kolwalsky to Nelson Bernard for the payment of the $50 in pursuance to the order, in which Kolwalsky states that the same was re-·ceived in payment of the purchase price of the Caterpillar ·tractor for the account of plaintiff. This receipt cannot in any way affect the order quoted above in so far as the plaintiff is concerned.

We, therefore, do not see wherein a remand of the case would change the final result, even conceding that it be shown that plaintiff did sign the order referred to above. The motion to remand is therefore denied.

For the reasons assigned, the judgment appealed from is affirmed.